IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Christopher Love Williams #281434, ) | |
| ) | Civil Action No. 6:07-2409-DCN-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jon Ozmint, Director of SCDC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on the plaintiff's motion for temporary restraining order ("TRO")/preliminary injunction (doc. no. 60). The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

      The plaintiff is currently incarcerated within the Kirkland Correctional Institution Maximum Security Unit ("MSU"), a facility of the South Carolina Department of Corrections ("SCDC") located in Columbia, South Carolina. He is serving a life sentence and has convictions on charges of murder, kidnaping and assault with intent to kill. The plaintiff alleges that he has been denied access to the courts as well as access to religious publications, internet materials, correspondence, and photographs. He seeks an order directing the defendants to provide him with access to these materials. The defendants

argue that the plaintiff has been provided access to all materials to which he is entitled access.

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

- (a) The plaintiff's likelihood of success in the underlying dispute between the parties;
- (b) whether the plaintiff will suffer irreparable injury if the injunction is not issued;
- (c) the injury to the defendant if the injunction is issued; and
- (d) the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271.

The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In *Bounds*, the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A

claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

As this court noted in addressing the plaintiff's prior motions, his complaints regarding the availability of certain legal materials do not meet the "actual injury" requirement. The plaintiff has been able to file his complaint and related motions. He has cited case law in support of his motions. The affidavits submitted in support of the present motion have been notarized. As argued by the defendants, the plaintiff has simply failed to "demonstrate that the alleged shortcomings in the library or legal assistance program have hindered . . . his efforts to pursue a nonfrivolous legal claim." *Lewis*, 518 U.S. at 33. The plaintiff has failed to demonstrate that he will suffer some irreparable harm in the absence of the injunctive relief he seeks, that there is a likelihood of success on the merits of his claims, or that the public interest will be promoted by the granting of injunctive relief. Further, the plaintiff has failed to show that he has been denied the relief requested in his motion.

Furthermore, the plaintiff, as a resident of the MSU at Kirkland, has greater restrictions on the type and number of publications and other similar materials he may have in his possession than inmates in general population. The plaintiff fails to show that he has been denied any materials to which he is allowed access pursuant to the relevant SCDC policies and procedures, and he also fails to show a violation of any First Amendment rights he may have.

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motion (doc. no. 60) be denied.

                                  s/William M. Catoe
                                  United States Magistrate Judge

December 21, 2007
Greenville, South Carolina