IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Christopher Love Williams, #281434, ) | |
| ) | Civil Action No. 6:07-2409-DCN-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Jon Ozmint, Director of SCDC, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on numerous motions filed by the plaintiff. The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, against over 60 defendants, claiming that his constitutional rights have been violated.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

      The plaintiff is currently incarcerated at the Kirkland Correctional Institution Maximum Security Unit, a facility of the South Carolina Department of Corrections ("SCDC") located in Columbia, South Carolina. He is serving a life sentence following his convictions on charges of murder, kidnaping, and assault with intent to kill.

      The plaintiff first moves to strike the motion to dismiss of defendants Ozmint and Tatarski (doc. no. 32). The plaintiff's motion is baseless and is therefore denied. The plaintiff next moves for a continuance (doc. no. 33), arguing that he is in need of discovery. That motion is also denied.

      In his next several motions, the plaintiff seeks an order from the court compelling the defendants to produce certain documents (docs. no. 64, 65, 66, 94). The defendants responded, arguing that certain documents are privileged, confidential, or

otherwise protected from disclosure by law or policy. However, the defendants noted that the following documents have been provided to the plaintiff in response to his discovery requests: the plaintiff's SCDC Classification Summary Report; SCDC Separation Requirement/Caution Notices; the plaintiff's SCDC Offender Summary; Arrest Warrants, Sentencing Sheets and related documents; Incident Reports, Use-of-Force Reports, Disciplinary Records, Inmate Grievance Records, etc. from incidents of March 4, 2007; June 22, 2006; April 1, 2006; March 31, 2006; March 24, 2006; March 3, 2006; February 27, 2006; August 10, 2005; July 19, 2005; March 2, 2005; Maximum Security Unit Evaluation and related documents; and the plaintiff's SCDC medical records (def. resp. to m. to compel at 4-5). As to the plaintiff's request for video and security tapes for certain dates, the counsel for defendants noted that they have requested copies of any videotapes, but have not yet received any such videotapes (def. resp. to m. to compel at 5-7). As to the plaintiff's request for copies of certain policies and procedures, the defendants noted that the plaintiff may request to review these documents at his facility (def. resp. to m. to compel 8). This court has reviewed the defendants' responses to discovery and finds that the defendants have provided adequate responses. Accordingly, the plaintiff's motions (doc. nos. 64, 65, 66, 94) are denied.

The plaintiff filed a motion requesting appointment of a toxicologist to examine the toothpaste and deodorant products provided to the plaintiff in prison (doc. no. 90). He claims such items are contaminated with poisonous chemicals. The plaintiff's motion is denied. The plaintiff has also filed a motion requesting that the court stay the motion for summary judgment filed by defendant American Amenities, Inc., so that he may acquire expert testimony to show that the toothpaste and deodorant products are defective (doc. no 96). As noted above, the plaintiff's request for appointment of a toxicologist is denied, and thus his request for a stay of the motion for summary judgment is also denied. The plaintiff has filed a motion requesting that the court reconsider the order denying his motion for effective service (doc. no. 95). That motion is also denied.

Finally, the plaintiff has moved for appointment of counsel (doc. no. 97). The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978), *cert. denied*, 442 U.S. 911 (1979). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed. Therefore, this motion is denied.

Wherefore, based upon the foregoing,

IT IS ORDERED that the above-discussed motions filed by the plaintiff (doc. nos. 32, 33, 64, 65, 66, 90, 94, 95, 96, and 97) are hereby denied.

IT IS FURTHER ORDERED that the plaintiff shall have through March 7, 2008, to file a response to the motion for summary judgment filed by American Amenities (doc. No. 85). If he fails to do so, American Amenities will be dismissed as a defendant in this action.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

February 13, 2008

Greenville, South Carolina

3