IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Christopher Love Williams, #281434, | ) | |
| | ) | Civil Action No. 6:07-2409-DCN-WMC |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| Jon Ozmint, Director of SCDC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on several pending motions. The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, against over 60 defendants, claiming that his constitutional rights have been violated.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff is currently incarcerated at the Kirkland Correctional Institution Maximum Security Unit, a facility of the South Carolina Department of Corrections ("SCDC") located in Columbia, South Carolina. He is serving a life sentence following his convictions on charges of murder, kidnaping, and assault with intent to kill.

On February 12, 2008, the plaintiff filed a motion to produce "use of force" reports and affidavits from prisoners at other institutions (doc. 101). The defendants oppose the plaintiff's request for an order directing them to allow the plaintiff to communicate with other inmates at other institutions. SCDC Policy/Procedure No. PS-10.08, "Inmate Correspondence Privileges," provides that inmates will not be permitted to correspond (receive or send) with other inmates except in instances where certain

prescribed criteria are met. These criteria are 1) where the inmates are immediate family members, or 2) where the inmates are in a joint legal action and the correspondence is related strictly to the legal action. An inmate meeting one of these two criteria who desires to initiate correspondence with another inmate must make a written request in compliance with the procedure outlined in SCDC Policy/Procedure No. PS-10.08. Written approval must be obtained from the Warden of each institution involved. The defendants contend that the plaintiff has not satisfied the prerequisites for obtaining approval to correspond with other inmates.

The plaintiff also asks that the court direct the defendants to provide him access to certain legal materials. Section 16.2 of SCDC Policy / Procedure No. OP-22.11, "Maximum Security Unit," addresses the issue of the possession of legal materials by inmates assigned to the MSU:

> Each MSU inmate will be given **one (1)cardboard box to be** kept in the inmate's cell and will be used to store the inmate's personal correspondence and legal material. Any excess legal materials that do not fit in this *issued* cardboard box will be put into another box(es) (any size box may be used). The inmate's name, inmate identification number and the number of the box (e.g., 1,2,3, etc.,) will be written on the box that contains the excess legal materials and the box(es) will be sealed in the presence of the inmate. The box(es) containing the excess legal materials will be stored in the MSU property room. **No** legal materials will be disposed of. When the inmate needs to use the legal materials stored in the excess legal materials box, he will complete an SCDC Form 19-11, "Request to Staff Member." The inmate must identify the number of the box he requires and the amount of time that he will require the box. In general, the inmate may be allowed to keep the box for five (5) calendar days, however the box may be removed from the cell sooner if security or safety needs dictate. The box will be provided to the inmate within 48 hours of receipt of his SCDC Form 19-11. The inmate is allowed to remove material from the box stored in his cell and exchange it with materials stored in the excess legal materials box. When the inmate is finished with the excess legal materials box, it will be re-sealed in the inmate's presence and returned to the MSU property room.

2

(Emphasis in original document.)  Based upon the foregoing, it appears that the plaintiff will be allowed access to his legal materials if he follows the above procedure.  Accordingly, this motion is denied.

On February 22, 2008, the plaintiff filed a motion for reconsideration (doc. 106) of this court's February 13, 2008, order denying his motions to strike, to continue, to produce, for disclosure, to compel, for appointment of toxicologist, for reconsideration, to continue, to stay, and for appointment of counsel.  This court finds no basis for reconsideration of the previous order.

On February 25, 2008, certain defendants who are current or former employees of the SCDC and the State of South Carolina (doc. 111) moved to stay discovery in this case pending resolution of their pending dispositive motion.  These defendants have pleaded the affirmative defense of qualified immunity, and they have moved for summary judgment on this ground.  Further, the defendants have responded to numerous discovery requests by the plaintiff.  The plaintiff opposes the motion.  In *Smith v. Reddy*, 101 F.3d 351 (4th Cir. 1996), the Fourth Circuit Court of Appeals  stated:

> Smith protests that he was denied discovery and that summary judgment is inappropriate. The district court, however, committed no procedural error. The Supreme Court has directed that "qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson*, 483 U.S. at 646 note 6, 107 S.Ct. at 3042 note 6. The reason is that qualified immunity is "an ***immunity from suit*** rather than a mere defense to liability...it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (emphasis in original). "[E]ven such pretrial matters as discovery ought to be avoided if possible, as `[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Id*. at 526, 105 S.Ct. at 2815 (quoting *Harlow*, 457 U.S. at 1817, 102 S.Ct. at 2738). Accordingly, qualified immunity should be addressed at the pleading or summary judgment stage whenever possible. *Pritchett*, 973 F.2d at 313. . . .

3

*Id.* at 357 (emphasis in original).  Based upon the foregoing, this court finds that a stay of discovery pending resolution of the SCDC defendants' motion for summary judgment is appropriate.

On March 7, 2008, the plaintiff filed a motion that he captioned as a "motion to stay" (doc. 120).  However, in his motion, the plaintiff seeks an extension of time in which to respond to the defendants' summary judgment motion.  Accordingly, the motion will be construed as a motion for extension of time.  His response to the SCDC defendants' motion for summary judgment is now due on April 1, 2008.  This court finds that an extension of time of two weeks is appropriate.  Accordingly, the plaintiff shall file his opposition to the SCDC defendants' motion for summary judgment on or before April 15, 2008.  The plaintiff has also requested leave to file excess pages (doc. 121) in his response to the defendants' motion for summary judgment.  That motion is also granted.

Wherefore, based upon the foregoing, the plaintiff''s motion to produce (doc. 101) is denied; the plaintiff's motion for reconsideration (doc. 106) is denied; the defendants' motion to stay discovery (doc. 111) is granted; the plaintiff's motion for extension of time to respond to the defendants' motion for summary judgment (doc. 120) is granted; and the plaintiff's motion for leave to file excess pages (doc. 121) is granted.

IT IS SO ORDERED.


s/William M. Catoe
United States Magistrate Judge

March 11, 2008

Greenville, South Carolina

4